IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 03-cv-1189-WDM

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

FRANCISCO HERRERA-AVALOS,

    Defendant/Movant.

**ORDER ON MOTION TO VACATE SENTENCE, MOTION TO AMEND, AND MOTION FOR STATUS REPORT**

Miller, J.

This matter is before me on Defendant/Movant Francisco Herrera-Avalos's (Herrera) motion to vacate his sentence pursuant to 28 U.S.C.A. § 2255, filed June 30, 2003, his motion to amend, filed August 20, 2003, and a motion for a report on the status of his motion to vacate, filed February 14, 2006. For the reasons that follow, both motions will be denied.

Background

Herrera is a citizen of Mexico who was deported from the United States in May of 2000. In September 2001, he was arrested in Colorado and charged with illegal reentry after deportation, in violation of 8 U.S.C.A. § 1326(a) and (b). Herrara was convicted by a jury in this Court, and on May 14, 2005, I sentenced him to one hundred months in prison.

After appealing unsuccessfully to the Tenth Circuit, Herrera now moves for an

order vacating his sentence pursuant to 28 U.S.C.A. § 2255, and offers nine separate grounds, seven of which are ineffective assistance of counsel claims. In addition, Herrera also moves for leave to amend so that he can add yet another ineffective assistance of counsel claim.

## Standard of Review

A prisoner in federal custody may move the court for an order vacating, setting aside, or correcting his sentence upon the ground that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.A. § 2255. Upon a determination that relief is warranted, the court may vacate and set the judgment aside and discharge the prisoner, resentence him, grant a new trial, or correct the sentence. *Id*.

Since Herrera is proceeding pro se, I will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). This liberal construction, however, does not relieve the Herrera "of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## Discussion

1. <u>Herrera's Motion to Vacate Sentence</u>

As noted above, Herrera's petition asserts nine claims. Seven of these are

ineffective assistance of counsel claims, and two are closely-related claims of trial court error.  Ineffective assistance of counsel claims are governed by the familiar two-part test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984), requiring that the defendant show that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense, *i.e.*, a reasonable probability exists that a different result would have occurred but for the deficient representation.

The first part of the test "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.* at 687.  A lawyer's representation is deficient only if it falls below an objective standard of reasonableness, measured under prevailing professional norms.  *Id.* at 687-88.  To meet the second part, the defendant must demonstrate that his lawyer's errors "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id.* at 687.  In assessing counsel's decisions, I must afford her performance a high degree of deference.  *Id.* at 689.

      a.      <u>Herrera's Claims Relating to Closing Arguments</u>

Herrera first argues that he was denied the effective assistance of counsel because, in his closing argument, Herrera's attorney conceded several of the elements of the charge against him.  In addition, he claims that his appellate counsel (who was also his trial counsel) was deficient for not raising this issue on appeal.  Specifically, in his closing argument, Herrera's attorney presented the issues as follows:

> The elements, that is the things that you have to find beyond a reasonable doubt, existed in order to find Mr. Herrera not guilty, are these. That Mr. Herrera-Avalos is an alien. Don't waste your time on that. We agree he is an alien. Another of the elements was is that he was arrested and deported. I will talk to you about that in a minute. Thereafter he was found in the United States. Don't waste your time on that. We agree he was found here in the United States at work in August in a warehouse. Without permission of the Attorney General, don't waste your time on that. There is an exhibit in this case which says that Mr. Herrera-Avalos had not obtained the permission of the Attorney General to come back up here and go to work.
>
> So that leaves us with one thing to focus on where I suggest there should be reasonable doubt in this case and that is the element that Mr. Herrera-Avalos was deported from the United States as the indictment charges on May 25, 2000.

(Feb. 12, 2002 Trial Tr., Docket No. 75, at 244)

Herrera's arguments, however, merely demonstrate that his attorney pursued a strategy where, in the hope he would gain credibility with the jury, he conceded those elements upon which there appeared to be no doubt, and focused the jury's attention on the element where Herrera had the strongest argument. *See United States v. Williamson*, 53 F.3d 1500, 1512 (10th Cir. 1995) ("'Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments . . . and focusing on one central issue if possible' . . . . This insight is equally applicable to closing arguments made at trial.") (quoting *Jones v. Barnes*, 463 U.S. 745, 751 (1983)); *United States v. Swanson*, 943 F.2d 1070, 1075-76 (9th Cir. 1991) ("We recognize that in some cases a trial attorney may find it advantageous to his client's interests to concede certain elements of an offense or his guilt of one of several charges."). Such a strategy was reasonable in this case, since the evidence admitted against Herrera at trial included a sworn statement where Herrera admitted

that he is a citizen of Mexico, and that he had reentered the United States without the permission of the Attorney General. (Herrera Statement, Sept. 4, 2001, Gov.'s Ex. 9, admitted Feb. 12, 2002 Trial Tr., Docket No. 75, at 133-34) Therefore, Herrera's claim regarding trial counsel fails because he cannot show deficient performance, *Strickland*, 466 U.S. at 687, and his appellate counsel cannot be faulted for failing to raise a meritless issue, *Martin v. Kaiser*, 907 F.2d 931, 936 (10th Cir. 1990).

      b.      <u>Herrera's Claims Relating to Jury Instructions</u>

Following Herrera's trial, while considering his motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c), I noticed an error in one of the instructions that had been submitted by Herrera's counsel and given to the jury. This instruction was based upon a prior version of 8 U.S.C.A. § 1326, and indicated that one of the elements the prosecution had to prove was that Herrera "has been arrested and deported or excluded and deported." (Feb. 12, 2002 Trial Tr., Docket No. 75, at 244) However, the statute in effect on the date charged in the indictment indicates that this instruction should have read: "has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding." § 1326(a)(1) (2001). Nonetheless, after notifying the parties of this error, I found that it did not prejudice Herrera.

Herrera now raises three claims relating to this error. He argues that I erred by not giving the jury a curative instruction, he argues ineffective assistance of trial counsel for submitting an erroneous instruction, and he argues ineffective assistance of appellate counsel for not raising this issue on appeal. All of these claims fail,

however, because Herrera has not even alleged how he was prejudiced by this error. *See Strickland*, 466 U.S. at 687. Indeed, for the jury to convict based upon the given instruction, it must have concluded that Herrera had been deported, a conclusion that would also have satisfied a correct version of the instruction.

      c.      <u>Herrera's Claim Relating to Deportation vs. Removal</u>

In addition, while considering his motion for judgment of acquittal, I also found that in Herrera's case, there was no material difference between deportation and removal. (Feb. 12, 2002 Trial Tr., Docket No. 75, at 265-70) Herrera now claims ineffective assistance of trial counsel because he did not object to my ruling. Herrera does not, however, explain why he feels my reasoning was erroneous, and after reviewing the caselaw, for substantially the reasons given before, *see id.*, I see no reason to change my findings. Therefore, Herrera's counsel cannot be faulted for failing to object.

      d.      <u>Herrera's Claims Relating to Sentencing Calculations</u>

Herrera also claims that I erred by considering a 1985 robbery conviction a prior conviction for guideline calculation purposes, and that his trial counsel erred by not objecting. In support, Herrera points to the first sentence of the applicable guideline, which provides that "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted." U.S.S.G. § 4A1.2(e)(1) (2001). Since the robbery conviction occurred more than fifteen years before the date he illegally reentered this country, Herrera argues that it should not have been counted

against him. I disagree. Herrera completely ignores the very next sentence in the guidelines, which provide that I should "[a]lso count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." *Id.* Since Herrera provides no argument regarding this latter provision, and since he was sentenced to eleven years on his 1995 robbery conviction, I conclude that relief should be denied on this ground.

      e.      <u>Herrera's Claim Regarding Conflict of Interest with his Trial Counsel</u>

Finally, Herrera claims ineffective assistance of trial counsel because of "an irreconcilable conflict adversely affected [counsel's] performance." (Petition, Docket No. 99, at 11) Herrera never explains, however, what kind of conflict he is claiming, or how his attorney's interests conflicted with his own. Therefore, I find that Herrera's claim should be dismissed as conclusory. *See Koch v. Puckett*, 907 F.2d 524, 529-30 (5th Cir. 1990) (holding that habeas petitioner's conclusory allegations of a conflict of interest with trial counsel were insufficient to warrant an evidentiary hearing); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

2.      <u>Herrera's Motion to Amend</u>

Herrera has also filed a motion to amend so that he can add yet another ineffective assistance of counsel claim. Specifically, Hererra argues that § 1326 requires specific intent, but his indictment did not allege this element. Therefore, he

argues his counsel was ineffective for not challenging the sufficiency of the indictment and the Court's jurisdiction.

A motion to amend a § 2255 motion is analogous to a motion to amend a complaint, and is therefore governed by the well-established standards for amending under Fed. R. Civ. P. 15. *See United States v. Espinoza-Saenz*, 235 F.3d 501 (10th Cir. 2000) (finding that Fed. R. Civ. P. 15(c) may allow an untimely amendment to a § 2255 motion to relate back to the time of the original motion, but declining to apply it on the facts of the case); *United States v. Ohiri*, 133 F.App'x 555, 559 (10th Cir. 2005) ("Rule 15 of the Federal Rules of Civil Procedure governs a motion to amend a § 2255 motion if it is made before the one-year limitation period . . . ."). Therefore, leave to amend should be freely given when it will yield a meritorious claim. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Amendment need not be allowed, however, if it would be futile. *Id.*; *Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997) (holding that "a court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason").

Here, Herrera's proposed amendment is clearly futile. Contrary to Herrera's arguments, it is well established that specific intent is not required to show a violation of 8 U.S.C. § 1326. *United States v. Miranda-Enriquez*, 842 F.2d 1211, 1212 (10th Cir. 1988). Therefore, Herrera's attorney cannot be faulted for failing to raise this issue. *See Strickland*, 466 U.S. at 687.

Accordingly, it is ordered:

1.  Defendant/Movant's motion to vacate his sentence pursuant to 28 U.S.C.A. §

2255, filed June 30, 2003 (Docket No. 99), is denied.

2. Defendant/Movant's motion to amend, filed August 20, 2003 (Docket No. 106), is denied.

3. Defendant/Movant's motion for a status report on his motion to vacate, filed February 14, 2006, (Docket No. 114), is denied as moot.

DATED at Denver, Colorado, on March 30, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge